UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **YASMIN OSORIO** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| | * | **MAGISTRATE JUDGE**: |
| | * | |
| | * | |
| | * | |

**************************************************************************

## PETITIONER'S ORIGINAL COMPLAINT

**COMES NOW** the Petitioner, Yasmin Osorio, a person of the full age of majority and a resident of the State of Louisiana, and for her Complaint against the Defendant, The United States of America, hereby states and alleges as follows:

## PARTIES

1. Petitioner, Yasmin Osorio, is an individual above the age of majority, who is a citizen of the United States of America, and at the time of this accident, was a citizen of the State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana, who appears herein, individually

2. Defendant, The United States of America, may be served by delivering a copy of the Summons and Complaint to the Honorable Michael M. Simpson, Acting United States Attorney for the Eastern District of Louisiana, whose address is 650 Poydras Street, New Orleans, Louisiana 70130 and also by delivering same by Certified Mail to the Honorable Pam Bondi, Attorney General for The United States of America, The United States Department of Justice, 950 Pennsylvania Avenue NW, District of Columbia, 20530.

## JURISDICTION

3. This Court has exclusive jurisdiction over the dispute between the Plaintiff and the United States of America, under the auspices of 28 USC § 1346(b) because the Complaint involves a claim against the United States of America for damages caused by the negligence of a government employees, occurring while that employee was acting within the course and scope of her employment with the Public Health Service (PHS) under the Federally Supported Health Centers Assistances Act (FSHCAA). Under FSHCAA, the Federal Tort Claims Act (FTCA) is the exclusive remedy for claims alleging tort claims against PHS employees. Additionally, this court has supplemental jurisdiction over the Petitioners state law causes of action pursuant to 28 U.S.C. §1367.

4. Petitioner timely presented her claims in writing, on standard Form 95, prescribed by the Department of Justice, pursuant to 228 USC 414.22 to the on November 26, 2024. A response has not been received, and more than six months has elapsed since its filing.

## VENUE

5. Venue is proper in this district court under 28 USC § 1436(b) because the negligent acts complained of and the resulting damages occurred in Orleans Parish which is within the territorial limits of this District.

## FACTS

6. Prior to December 2022, Petitioner, YASMIN OSORIO was a patient of the CRESCENT CARE, at its location on Tulane Ave. in the Parish of Orleans, State of Louisiana,

for several medical issues and had been examined and treated over the course of several months for these medical issues and had substantial medical records of these examinations and treatments that were stored

and maintained by CRESCENT CARE and were subject to the Health Insurance Portability and Accountability Act (HIPAA).

7. In December 2022, the Petitioner discovered that her medical records maintained and stored by the Defendant, CRESCENT CARE, had been improperly accessed by an employee of CRECENT CARE, its employee, ANGELIA COMEAUX, who had released the records, intentionally and with goal to cause injury and damage, published them on social media sites with alterations that could only have come from another CRESCENT CARE patient, who also had, his or her, records accessed by ANGELIA COMEAUX.

8. At all times material herein, ANGELIA COMEAUX had access to these medical records as a direct result of her employment with CRESCENT CARE, who had placed her in a position where she had unfettered access to patients' sensitive and private medical records.

9. CRESCENT CARE had an implied contract with Petitioner that it would protect her personal and private medical records and that it would have adequate procedures and safeguards in place that would ensure that such records could not be accessed without medical necessity and then, only by such individuals, that had a professional need to know and a duty to protect the privacy of Petitioner.

**FIRST CAUSE OF ACTION**

10. Petitioner re-affirms and re-alleges paragraphs 1-9 as if stated here at length.

11. Petitioner alleges a cause of action pursuant to the Privacy Act , 5 U.S.C § 552 as federal agencies are prohibited from disclosing records without the prior written consent of the patient and petitioner further alleges that such disclosure of her medical records intentional, willful and caused an adverse effect including embarrassment and mental suffering pass, present and future.

12. That as a direct consequence of the foregoing acts petitioner has incurred actual damages and is entitled to such actual damages, including costs and reasonable attorney fees.

## SECOND CAUSE OF ACTION

13. Petitioner re-affirms and re-alleges paragraphs 1-12 as if stated here at length.

14. Petitioner asserts a state law claim for invasion of her privacy as she had a significant interest in maintaining the privacy of her medical records and the publishing of those records, including altered records, placed her in a false light. CRESCENT CARE violated its obligation to protect Petitioners' records under privacy laws recognized by the state of Louisiana.

15. Petitioners state law claim is brought pursuant to La. Civil Code art. 2315 as the conduct of CRESCENT CARE and ANGELIA COMEAUX was unreasonable and seriously interfered with Petitioners privacy interests.

16. As a result of the foregoing Petitioner is entitled to all damages that are reasonable in the premises, together with all costs and judicial interest from date of demand until paid.

## THIRD CAUSE OF ACTION

17. Petitioner re-affirms and re-alleges paragraphs 1-16 as if stated here at length.

18. Petitioner asserts a claim for the intentional infliction of mental distress as the conduct of CRESCENT CARE and ANEGLIA COMEAUX was extreme and outrageous, the emotional distress suffered by Petitioner was severe and CRESCENT CARE and its employee, ANGELIA COMEAUX either desired to inflict severe emotional distress on Petitioner or knew that such distress would be certain or substantially certain to result from their conduct.

19. Petitioners state law claim is brought pursuant to La. Civil code art. 2315 and she is entitled

to all damages that are reasonable in the premises, together with all costs and judicial interest from date of demand until paid.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner prays that after the proceedings are had there be judgment rendered herein in Petitioner' favor and against the Defendant, as follows:

1. Compensatory damages as prayed for herein;

2. Reasonable attorneys' fees, as provided for by law and all costs of these proceedings and legal interest;

3. All other relief as appears reasonable in the premises to this Honorable

Respectfully submitted,

*s/Richard J. Richthofen, Jr.*
**Richard J. Richthofen, Jr. (#29663)**
**RICHTHOFEN & ASSOCIATES, L.L.C.**
3900 Canal Street
New Orleans, LA 70119
Telephone: (504) 899-7949
Facsimile: (504) 899-2518
E-mail: rick@rjrlawfirm.com

5