UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YASMIN OSORIO | CIVIL ACTION |
| VERSUS | No. 25-1261 |
| UNITED STATES OF AMERICA | SECTION I |

### ORDER AND REASONS

Before the Court is defendant United States of America's (the "government") motion[1] to dismiss for lack of subject matter jurisdiction. Plaintiff Yasmin Osorio ("Osorio") did not respond to the motion, and the time to respond has expired.[2] For the reasons set forth below, the Court will grant the government's motion.

### I.  BACKGROUND

This case arises out of the allegedly tortious acts committed by Angelia Comeaux ("Comeaux"), an employee of the United States Public Health Service, acting within the scope of her employment at Crescent Care.[3] Osorio was a patient of Crescent Care and had been "examined and treated over the course of several

---

[1] R. Doc. No. 21.
[2] *See* L.R. 7.5.
[3] *See generally* R. Doc. No. 1; *See also* R. Doc. No. 21-2, at 1 (certification of Assistant United States Attorney Peter Mansfield) ("On the basis of the information now available and with respect to the allegations in the Petition, I find that the named defendant, Angelia Comeaux, was at all times acting within the scope of her employment as a deemed employee of the United States Public Health Service at all times material to the incidents alleged in the Petition."); *see also id.* (stating that Crescent Care "is a public or nonprofit private entity receiving Federal funds under Section 254b of the Public Health Services Act, 42 U.S.C. § 254b.").

1

months" for certain medical issues.[4] "Substantial medical records" were generated as a result of her treatment, which were "stored and maintained" by Crescent Care.[5]

In December 2022, Osorio discovered that her medical records "had been improperly accessed" and published on social media "with alterations that could only have come from another Crescent Care patient."[6] Osorio alleges that Comeaux was the employee that had accessed and published the altered medical records; the complaint states that Comeaux "had access to these medical records as a direct result of her employment" and had been "placed . . . in a position where she had unfettered access to patients' sensitive and private medical records."[7]

Osorio brings three causes of action against the government through the Federal Tort Claims Act ("FTCA").[8] Her first claim alleges a cause of action pursuant to the Privacy Act, 5 U.S.C. § 522. Her second and third claims allege violations of Louisiana state law, specifically, invasion of privacy and intentional infliction of mental distress pursuant to Louisiana Civil Code article 2315.[9]

---

[4] R. Doc. No. 1 ¶ 6.
[5] *Id.*
[6] *Id.* ¶ 7 (cleaned up).
[7] *Id.* ¶ 8.
[8] *Id.* ¶ 3.
[9] *Id.* ¶¶ 14–15, 18. Although not listed as a cause of action, Osorio also seems to raise an implied contract claim. *See id.* ¶ 9. Even if the Court were to find that this is an additional cause of action or that Osorio's claims are founded on an implied contract with the government, the Court agrees with the government, *see* R. Doc. No. 21-1, at 8, that it would lack jurisdiction over this claim because exclusive jurisdiction lies with the U.S. Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *See* § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ."); *U.S. Marine, Inc. v. United States*, 478 F. App'x 106, 109 (5th Cir. 2012) ("The FTCA does not,

This case was first before the undersigned in October 2024.[10] At that time, the government moved to dismiss because Osorio had failed to exhaust her administrative remedies prior to filing suit.[11] Osorio consented to dismissal for purposes of filing an administrative claim,[12] and this Court dismissed the case.[13] Osorio has since exhausted her administrative remedies.[14]

The government now moves to dismiss for lack of subject matter jurisdiction on the ground that the FTCA's waiver of the government's sovereign immunity explicitly excludes torts of the kind alleged by Osorio.[15] In particular, the government argues that the FTCA's waiver excludes "intentional tort claims 'arising out of . . . libel, slander, misrepresentation, or deceit.'"[16] As for Osorio's Privacy Act claim,

---

however, extend the district courts' subject matter jurisdiction to claims sounding in contract. Instead, the Tucker Act vests the Court of Federal Claims with exclusive jurisdiction over any claim that exceeds $10,000 and is founded upon an express or implied contract with the [government]." (internal citations omitted)); *id.* at 110 (holding that it was improper for the district court to exercise supplemental jurisdiction over claims properly heard pursuant to the Tucker Act) ("[W]e have 'consistently refused to allow district courts to adjudicate issues which belong solely to the Court of Federal Claims, even though some other statute conferring jurisdiction would otherwise allow the district court to hear the case.'" (internal alternations and quotations omitted)); *see also* R. Doc. No. 21-3, at 1 (Osorio's administrative claim valuing her case at $150,000).
[10] *See Osorio v. Crescentcare Holdings, Inc. et al.*, No. 24-2515, (E.D. La.) (Africk, J.).
[11] *Osorio*, No. 24-2515, R. Doc. No. 5.
[12] *Osorio*, No. 24-2515, R. Doc. No. 7.
[13] *Osorio*, No. 24-2515, R. Doc. No. 8.
[14] Osorio represents, and the government does not contest, that she filed a claim with the Department of Justice over six months ago and that she has received no response. R. Doc. No. 1, ¶ 4; *see also* 28 U.S.C. § 2675 (articulating the administrative exhaustion requirement and stating that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.").
[15] R. Doc. No. 21-1, at 1.
[16] *Id.* at 4 (quoting 28 U.S.C. § 2680(h)).

the government argues that the Fifth Circuit has already determined that "alleged violations of the federal Privacy Act cannot be the basis for FTCA claims."[17]

Osorio did not file a response in opposition and the time to respond has ceased.[18] Because the Court finds it lacks subject matter jurisdiction over Osorio's claims, her claims will be dismissed.

## II. STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted).

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* "The question of whether the United States has waived sovereign immunity . . . goes to the court's subject-matter jurisdiction . . . and may therefore, be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. U.S. ex rel U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (internal citations omitted).

---

[17] *Id.* at 7 (quoting *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019)).
[18] *See* L.R. 7.5 (requiring responses to be filed no later than eight days before the noticed submission date); *see also* R. Doc. No. 25 (setting submission date to January 21, 2026).

4

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III.   ANALYSIS

#### a.   *FTCA's limited waiver of sovereign immunity excludes Osorio's claims*

"As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The FTCA, which "is the exclusive remedy for suits against the United States or its agencies sounding in tort," *Willoughby*, 730 F.3d at 479 (citing 28 U.S.C. § 2679(a)), contains a "limited waiver of sovereign immunity for tort suits brought against the United States or its agencies," *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445 (5th Cir. 2014) (citing 28 U.S.C. §§ 2674, 2679(a)).

5

The FTCA's limited waiver of sovereign immunity excludes "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).[19] "To determine whether a claim is one 'arising out of' any of these enumerated torts," courts "must focus on the conduct upon which the plaintiff's claim is based" rather than how the plaintiff has styled her claim. *Truman*, 26 F.3d at 594; *see also Rittgers v. United States,* 131 F. Supp. 3d 644, 653 (S.D. Tex. 2015) ("A plaintiff cannot evade the jurisdictional limitations of § 2680(h) by artful pleading that assigns some other label to what is, in essence, a libel or slander action."). These exceptions to the waiver "must be strictly construed in favor of the government." *Rittgers*, 131 F. Supp. 3d at 653.

The government submits that "[r]egardless of what specific words [p]laintiff uses to describe her allegations against Comeaux and Crescent Care, she is clearly alleging that they, and therefore the United States, by posting her altered medical records on social media, committed libel, misrepresentation, deceit, and/or defamation against her."[20] Therefore, according to the government, Osorio's claims fall outside of the FTCA's waiver of sovereign immunity and should be dismissed for lack of subject matter jurisdiction.[21] This Court agrees.

---

[19] *See Truman*, 26 F.3d at 594 ("[T]he exceptions to the FTCA's waiver of sovereign immunity that appear in 28 U.S.C. § 2680 limit the federal courts's[sic] jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government.").
[20] R. Doc. No. 21-1, at 7.
[21] *See id.*

Osorio alleges that Comeaux accessing her private medical records, altering them, and publishing them on social media "placed her in a false light."[22] She alleges that this caused her, among other injuries, "embarrassment and mental suffering pas[t], present, and future."[23] Notably, Osorio does not dispute the government's characterization of her claims.

Focusing on the alleged tortious conduct of which Osorio complains, the Court finds that her claims arise out of libel and/or slander. *See Doe v. United States*, 83 F. Supp. 2d 833, 839 (S.D. Tex. 2000) ("The government's conduct, in all aspects, can fairly be read as giving rise to the intentional tort of libel or slander: the government has published, negligently or intentionally, without privilege, false information about the plaintiffs, which may have given rise to a reputational injury."); *Rittgers*, 131 F. Supp. 3d at 653 (finding that the plaintiff's invasion of privacy-false light claim against the government for it allegedly disclosing the plaintiff's private information and causing him mental and emotional distress fell within the libel and slander exception under § 2680(h)). Consequently, Osorio has not met her burden of establishing that subject matter jurisdiction exists and this Court must dismiss her claims.[24]

---

[22] R. Doc. No. 1 ¶ 14, 7.
[23] *Id.* ¶ 11.
[24] *Willoughby*, 730 F.3d at 479 (holding that the party "asserting federal subject-matter jurisdiction, bear[s] the burden of proving that its requirements are met").

### b.     *A Privacy Act claim is not a permissible application of the FTCA*

The government argues that Osorio's "assertion that Comeaux and/or Crescent Care violated the Privacy Act cannot be used as a basis to assert a tort claim under the FTCA."[25] In support, it cites the Fifth Circuit's decision in *Coleman v. United States*, 912 F.3d 824 (5th Cir. 2019), which held that

> when the FTCA is used as the vehicle for bringing invasion of privacy or wrongful disclosure allegations against agents of the United States, the pertinent inquiry is whether the federal agents violated applicable state tort laws—not whether the federal agents violated the elements of the federal Privacy Act.

*Id.* at 835; *see also id.* (holding that state law, rather than federal law, is "the source of substantive liability under the FTCA. As such, it is well-established that a federal agent's failure to fulfill duties imposed upon him solely by federal statute cannot stand alone as a basis for suit under the FTCA." (internal citations omitted)).

Osorio states that her first claim is brought pursuant to the Privacy Act, 5 U.S.C. § 552,[26] however, she also makes clear that jurisdiction for her claim arises pursuant to the FTCA.[27] Consequently, the Court understands Osorio as attempting to file a federal Privacy Act claim through the FTCA, which the Fifth Circuit has explicitly held cannot be the basis for an FTCA claim. *Coleman*, 912 F.3d at 835; *Lewis v. SSA, Off. of Gen. Couns.*, No. 14-31, 2015 WL 1385389, at *6 (E.D. Tex. Mar. 23, 2015) (dismissing for lack of subject matter jurisdiction the plaintiff's Privacy Act claim to the extent that it was asserted under the FTCA).

---

[25] R. Doc. No. 21-1, at 7.
[26] *See* R. Doc. No. 1 ¶ 11.
[27] *Id.* ¶ 3 (asserting the FTCA as "the exclusive remedy" for her claims).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the government's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, February 4, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**